# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER GENE RUTH,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 1:22-cv-01166-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN THIRTY DAYS<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(Docs. 3, 4) |

The assigned magistrate judge entered findings and recommendations, recommending that, "[p]ursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action," and that "Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action." (Doc. 3 at 4.) In response, Plaintiff filed what appears to be his objections, which include a request for appointment of counsel. (Doc. 4.)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis. Plaintiffs' objections do not undermine the magistrate judge's reasoning. Among other things, the fact that Plaintiff paid the filing fee in a different case has no bearing here. Also, Plaintiff's request for

1

appointment of counsel is DENIED without prejudice to Plaintiff renewing the request at a later stage of the proceedings.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court has reviewed the record in this case, and at this time the Court is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, though there may be some issues, it appears that Plaintiff can adequately articulate his claims. Additionally, the Court has found that Plaintiff is a "three-striker" and that he was not in imminent danger when he filed this action. Accordingly, the Court will deny Plaintiff's request for appointment of counsel, without prejudice to Plaintiff renewing the request at a later stage of the proceedings. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 14, 2022, (Doc. 3), are **ADOPTED IN FULL**.
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not allowed proceed *in forma pauperis* in this action.
3. If Plaintiff wants to proceed with this action, Plaintiff shall pay the $402 filing fee in full **within 30 days** of the date of service of this order.
4. If plaintiff fails to pay the filing fee in full within 30 days, this action will be dismissed without prejudice and without further notice.

    5.    Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **October 24, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE